**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 325
Las Vegas, Nevada 89104
Tel: (702) 625-3893
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KEITH PAUL, an Individual, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| CITY OF HENDERSON, DOES I -X; ROE CORPORATIONS I -X, | |
| Defendant. | |

The Plaintiff Keith Paul ("**Mr. Paul**" or "**Plaintiff**") by and through his attorneys, Jenny L. Foley, Ph.D., Esq. and Marta Kurshumova, Esq. of HKM Employment Attorneys LLP hereby complains and alleges as follows:

**JURISDICTION**

1. This is an action for damages brought by Plaintiff for unlawful workplace discrimination and termination due to participation in protected union activity under the National Labor Relations Act of 1935, 29 U.S.C. § 151–169 ("**NLRA**"); and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. §

1. 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f) (3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3. All material allegations relative to the named Defendant contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## GENERAL ALLEGATIONS

4. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

5. Plaintiff is a citizen of the State of Nevada and a resident of Clark County Nevada.

6. Defendant, City of Henderson, Nevada is a municipality organized under the laws of the State of Nevada.

7. Plaintiff first began his employment with the City of Henderson at the Henderson Police Department as a Public Information Specialist in October 2002.

8. From all accounts, he was a superlative employee.

9. In July 2015, following a myriad of problems with the City of Henderson such as discontinuing to match employees' 457 payments, lack of raises for several years and cutting twenty-five percent (25%) of employees' time off under a new Paid Time Off plan, Plaintiff initiated the process of starting a union.

10. Immediately after Plaintiff's initial efforts to start a union, the City began a campaign of retaliation against him.

11. In July 2015, Plaintiff was written up for allegedly exhibiting inappropriate conduct and violating an applicable code of ethics.

12. Defendant, and more specifically Plaintiff's direct supervisor, Ms. Karina Milani ("**Ms.**

**Milani**"), brought those allegations by alleging that Plaintiff was rude and dismissive when communicating when another employee.

13. In fact, Plaintiff did not behave in such a way and Defendant closed the investigation without issuing any disciplinary action.

14. Regardless, the ordeal cost Plaintiff frustration and embarrassment, and the necessity of obtaining an attorney.

15. Soon thereafter, Plaintiff filed a complaint of harassment, retaliation and hostile work environment against Milani with the City of Henderson.

16. Ms. Milani would blame Plaintiff for minor mistakes, not of his doing, would speak ill of him to other managers and would limit his access to information, which he needed to perform his job duties.

17. Furthermore, Plaintiff was passed over for the position of Senior Public Information Officer, for which he was fully qualified, and the position was given to a less qualified employee.

18. On November 1, 2017, Defendant laid off Plaintiff under the pre-text of budgetary issues.

19. Curiously in light of the alleged budgetary issues, the Senior Public Information Officer remained even though she had no one to supervise and had a higher salary than Plaintiff.

20. Additionally, Defendant refused to consider Plaintiff for a different position in accordance with Defendant's efforts to relocate employees instead of laying them off.

21. Not only was Plaintiff not considered for a different position, but Mayor Debra March specifically instructed Manager Richard Derrick not to re-hire Plaintiff.

22. The long history of harassment and the peculiar circumstances of the "lay off" indicate that the real reason for Plaintiff's termination was his union formation activities.

23. Upon information and belief, Defendant began a campaign of defamation and harassment against Plaintiff following Plaintiff retaining an attorney for the claim of wrongful termination due to participation in protected union activity.

24. More specifically, in the beginning of 2019, an anonymous source mailed Plaintiff's

confidential demand letter with a cover letter stating "Public official slanders mayor and tries to extort tax payers" to Plaintiff's current employer, to Plaintiff's wife's employer and to Plaintiff's attorney.

25. Upon information and belief, the anonymous source is an employee and/or agent of Defendant.

26. Plaintiff understood the mailing of said letter with said cover letter to read as a potential news article completely misrepresenting the facts behind Plaintiff's claim and villainizing Plaintiff for seeking his rights under state and federal law.

27. Plaintiff further understood said letter and cover letter to be a threat that the anonymous sender would publish the material should Plaintiff pursue a lawsuit.

28. Plaintiff's counsel immediately spoke with Defendant's counsel about the letter and Defendant to no avail.

29. Shortly thereafter, on or about February 21, Plaintiff was contacted by the Las Vegas Review Journal requesting a comment on a letter they had received from an anonymous source – the same demand letter and cover letter identified above.

30. Upon information and belief, Defendant has knowingly, purposefully and maliciously defamed Plaintiff by publishing information they know to be false in attempt to silence Plaintiff and his claim.

**FIRST CAUSE OF ACTION**
**(Discrimination, Retaliation and Wrongful Termination in Violation of the National Labor Relations Act of 1935)**

31. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

32. The NLRA grants employees the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.

33. The NLRA forbids employers to interfere with, restrain, or coerce employees in the

exercise of the rights guaranteed in Section 7 of the Act and discriminate in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization.

34. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination and retaliation based on participation in a protected activity.

35. Defendant discriminated and retaliated against Plaintiff and subsequently terminated him because he initiated the process of starting a union.

36. Plaintiff suffered adverse economic impact due to his unlawful termination including but not limited to loss of pay, benefits, expenses and other damages which will be more fully described at the time of trial.

37. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

38. Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by his employer.

39. Plaintiff is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination and wrongful termination.

40. Plaintiff suffered damages in an amount deemed sufficient by the jury.

41. Plaintiff is entitled to an award of reasonable attorney's fees.

42. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because he initiated the process of starting a union.

43. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

///

///

///

## SECOND CAUSE OF ACTION
### (Retaliatory Discharge in Violation of Public Policy and NRS 614.090)

44. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

45. Nevada has a strong public policy in favor of "freedom of association, self-organization, and designation of representatives of the worker's own choosing to negotiate the terms and conditions of his or her employment, and that the worker shall be free from the interference, restraint or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." *See N.R.S. 614.090*.

46. Here, Plaintiff initiated the process of starting a union while employed by Defendant.

47. Immediately thereafter, Defendant subjected Plaintiff to a harassing and retaliatory work environment.

48. On November 1, 2017, Defendant laid off Plaintiff under the pre-text of budgetary issues.

49. Plaintiff believes that Defendant terminated Plaintiff for engaging in union activity.

50. Mayor Debra March specifically instructed Manager Richard Derrick not to re-hire Plaintiff.

51. Plaintiff believes Mayor March instructed Mr. Derrick not to re-hire Plaintiff because of his efforts to start a union.

52. Termination of Plaintiff's employment was a violation of this strong public policy.

53. Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life which exceed $15,000.00.

54. Because Defendant is guilty of oppression, fraud or malice, express or implied,

Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment which exceeds $15,000.00

55. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred by these violations.  Therefore, Plaintiff is entitled to recover reasonable attorney's fees against Defendants.

**THIRD CAUSE OF ACTION**
**(Retaliatory Discharge in Violation of NRS 288.270)**

56. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

57. Nevada prohibits a local government employer or its designated representative willfully to discriminate in regard to hiring, tenure or any term or condition of employment to encourage or discourage membership in any employee organization, among other.

58. Here, Plaintiff initiated the process of starting a union while employed by Defendant.

59. Immediately thereafter, Defendant subjected Plaintiff to a harassing and retaliatory work environment.

60. On November 1, 2017, Defendant laid off Plaintiff under the pre-text of budgetary issues.

61. Plaintiff believes that Defendant terminated Plaintiff for engaging in union activity.

62. Mayor Debra March specifically instructed Manager Richard Derrick not to re-hire Plaintiff.

63. Plaintiff believes Mayor March instructed Mr. Derrick not to re-hire Plaintiff because of his efforts to start a union.

64. Termination of Plaintiff's employment was a violation of this strong public policy.

65. Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life which exceed $15,000.00.

66. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment which exceeds $15,000.00

67. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred by these violations. Therefore, Plaintiff is entitled to recover reasonable attorney's fees against Defendants.

**FOURTH CAUSE OF ACTION**
**(Defamation)**

68. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

69. Defendant disseminated a false statement about Plaintiff to Plaintiff's current employer, Plaintiff's wife's employer and to the media.

70. The dissemination of that information was intentional and cost Plaintiff extensive reputational damage and embarrassment, and future job opportunities.

71. Plaintiff suffered economic harm as a result.

**WHEREFORE,** Plaintiff prays this court for:

    a. A jury trial on all appropriate claims;

moreover, to enter judgment in favor of the Plaintiff by:

    b. Awarding Plaintiff an amount sufficient to fully compensate him (including tax consequences) for all economic losses of any kind, and otherwise make him whole in accordance with State and Federal Law;

    c. General damages;

    d. Special damages;

    e. Punitive damages;

    f. An award of compensatory and punitive damages to be determined at trial;

    g. Pre and post-judgment interest;

    h. An award of attorney's fees and costs; and

i. Any other relief the court deems just and proper.

Dated this 11th Day of June, 2019.

**HKM EMPLOYMENT ATTORNEYS, LLP**

*/s/ Jenny L. Foley*
**JENNY L. FOLEY, Ph.D., Esq.**
Nevada Bar No. 9017
MARTA KURSHUMOVA, Esq.
Nevada Bar No. 14728
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 577-3029
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorney for Plaintiff*